IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARSHALL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:09cv581-MEF |
| ) | (WO) |
| ALFORD WARDWORTH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 22, 2009, *pro se* plaintiff Marshall Taylor filed this action against defendants Alford Wardworth, Charlotte Reed, Bill Pearson, Bobby Carter, Carol's Radiator, and the Prattville Police Department.  Rather than interpret what the plaintiff states in his complaint, the court will quote it.

> GROUND ONE:    Prattville City Clerk haven't gave me back my bond money $1000.00.
>
> STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. $200.00/$1000.00 for a trailer door.  The court orders that comes from your court have not been settled yet, and then still they are doing the same identical things; harassing me, and pulling guns threating (sic) my life, and threating (sic) me over my home, and property this is Alford Wardworth, Charlotte Reed; what can have these people harrassing me like this, and pulling guns on me . . . they threatend (sic) to take my home and land for no reason I want sonbody (sic) to put a warrant for his arrest and Charolette Reed Alford Wardsworth about them spirits.  I want them to stop with them spirits.
>
> STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. . . .  Carol's to pay or fix my truck back  Alford Wardworth Charlotte Reed to pay me my bond money and fix my door or pay me for it and stop harrassing me about my home and Bill Pearson to get child support money straightend (sic) out, he was deducting out of my pay check Bobby Carter to pay up . . .

(Compl. at 2 - 3).

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This court operates under an independent obligation to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

A review of the complaint demonstrates that the plaintiff does not assert any federal claim. Thus, there is no basis under 28 U.S.C. § 1331 for this court having federal question jurisdiction over these claims. *See* 28 U.S.C. § 1331. A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

2

The diversity state confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The complaint alleges that the plaintiff is a citizen of the State of Alabama as are several of the defendants; therefore, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332. In short, this court lacks jurisdiction over all of the plaintiff's claims and this case is due to be dismissed.

The plaintiff was given an opportunity to show cause why this case should not be dismissed for want of jurisdiction. In his response, the plaintiff objects to the dismissal of this case as well as "not bing able to live in my home . . . [and] Charolette Reed and Alfred Wadsworth for harassing me. I do not want all of these cases dismissed, dropped or closed." (Doc. # 5). Unfortunately, the plaintiff presents no facts that would suggest that this court has jurisdiction over his claims.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be dismissed with prejudice for lack of subject matter jurisdiction. It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **August 11, 2009.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed

findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 29th day of July 2009.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE